Dewey, J.
J.— Soire facias against bail. The recognizance on which the action is founded was entered into by the defendants below, Before the president judge of the sixth judicial circuit, on the 3d day of May, 1841, and is conditioned for the appearance of a person charged with forgery, on the next morning, at eight o’clock, before the judges of the Henry Circuit Court, to answer that charge, &e. The defendants pleaded, that the recognizance was taken during the Spring term of the Henry Circuit Court, on the evening of the third day of that term, after the Court had adjourned for that day. The plaintiff demurred generally to the plea. The Court sustained the demurrer, and rendered final judgment against the defendants. ,
It is contended that the recognizance is void, because it is conditioned for the appearance of the accused person before the Court which was in session when it was taken.
The objection is founded upon the phraseology of the statute authorizing the judges of the Circuit Court to take recognizances. The language of that act is, that all recognizances taken by those judges “out of Court, shall be returned to the nest Circuit Court, to be holden in the county where the same is or may be taken.” R. S., 1838, p. 162. We do not consider this language incompatible with the '-^condition of the recognizance in this cause. The statute says nothing about the condition of the recognizance; but it is a fair-presumption, that the legislature designed that the time *304 for the appearance of the accused should correspond with that prescribed for the return of the recognizance, which we understand to be the Court which shall soonest be in session after the time of taking the recognizance. If the taking be in vacation, it is evident that Court must be the Circuit Court at its next term. But if the recognizance be taken by a judge at chambers, during the daily adjournment, it is equally evident, that the next Court to be holden will be that which will meet the next day, as it was that which was last holden on the day of the adjournment. A person having committed a crime during the session of the Circuit Court, is liable to be indicted and tried at that term. Why then not be recognized to appear at that term? We see nothing in the statute, and we are sure there is nothing in reason, against it.
8. W. Parker, for the appellants.
H. O’Neal, for the State.
Another objection to the scire facias was urged. The writ recites an order of Court, passed at the term at which the default of the defendants was entered, that a scire facias issue requiring them “then and there” to appear, &c. The writ was returnable to the next term. It is contended that this repugnant order vitiates the scire facias. We think not. The whole order may be stricken out as surplusage. The record of the forfeiture of the recognizance was á sufficient foundation for the writ.
Per Ou/riom—The judgment is affirmed, with one per cent. damages and costs.